*LAW LIBRARY*

**IN THE SUPERIOR COURT**
**OF GUAM**

FILED
OR COURT
GUAM

MARIANAS PROPERTIES, LLC,　　　)　　　Special Proceedings No. SP0019-11
　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　)
　　　　v.　　　　　　　　　　)　　　**DECISION AND ORDER**
　　　　　　　　　　　　　　　)　　　re: Motion to Remove Arbitrator
THE ESTATE OF SOLEDAD ANDERSON )
LUJAN aka SOLEDAD A. LUJAN and )
FIRST HAWAIIAN BANK　　　　　)
　　　　　　　　　　　　　　　)
　　　　　　　　Respondent.　　)
　　　　　　　　　　　　　　　)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 21, 2012. Plaintiff was represented by Attorney Louie J Yanza. Defendant Estate of Soledad Anderson Lujan was represented by Attorney Curtis Van de Veld. Defendant First Hawaiian Bank was represented by Richard L Johnson. Having reviewed the memorandum and papers presented, the court now issues the following granting Plaintiff's motion to remove Douglas Moylan as arbitrator.

## BACKGROUND

The instant matter arises from dispute over a July 1, 1982 ground lease agreement. Marianas Properties, LLC is the Lessee and the Estate possesses an undivided interest in the property and it currently acting as the Lessor. First Hawaiian Bank ("FHB") is a party in interest as the leasehold mortgagee of the property. On September 30, 2010, Estate issued Notice of Default to Marianas Properties. On December 29, 2010, the Estate issued and recorded with the Department of Land Management, a Notice of Termination of Ground Lease Agreement, under Instrument No. 813315.

On February 16, 2011, the Plaintiff appointed Mitchell F. Thompson as its arbitrator. On January 20, 2012, the Estate appointed L. Francis Gill as its arbitrator. Shortly thereafter,

Plaintiff filed a motion to remove Mr. Gill as arbitrator arguing that circumstances exist that give rise to material justifiable doubts as to Mr. Gill's impartiality or independence. The Court agreed and removed Mr. Gil as arbitrator.

Subsequently, the Estate appointed Douglas B. Moylan as its arbitrator. On July 31, 2012, Plaintiffs filed their objection to the appointment of Douglas B. Moylan. On September 12, 2012, Estate filed its opposition. The Court hereby REMOVES Douglas B. Moylan as arbitrator based on the following analysis.

## DISCUSSION

Under Guam law, Guam's Arbitration Act[1] permits a party to challenge an arbitrator's qualifications. A party who intends to challenge an arbitrator shall send a written statement of the reasons for the challenge, within fifteen (15) days of becoming aware of his or her appointment as an arbitrator, to the arbitral tribunal. 7 GCA § 42304(b). An arbitrator may be challenged only if circumstances exist that give rise to material justifiable doubts as to his or her impartiality or independence. 7 GCA § 42303(b).

"[T]he party asserting evidence partiality has the burden of proof, and if requesting vacatur by alleging that a business relationship was not disclosed, must prove that the relationship is substantial, rather than casual or perfunctory. Under this formulation, the alleged interest or bias must be 'direct, definite, and capable of determination rather than remote, uncertain, or speculative'" (citing *Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1264 (7th Cir. 1992) (quoting *Tamari v. Bache Halsey Stuart Inc.*, 619 F2d 1196, 1200 (7th Cir. 1980)) In other words, arbitrators should not be disqualified unless the relationship is non-trival. *See Univ. Commons-Urbana*, 304 F.3d at 1339 (quoting this standard has been applied in cases

specifically involving legal professionals).

"[C]urrent or prospective financial dealings with a party are well recognized as ground for an arbitrator's disqualification." *Gebers v. State Farm General Ins. Co.,* 38 Cal.App.4[th] (1648, 1653 (Cal. Ct. App. 1995). The California Court reasons the existence of a present or past business relationship between the arbitrator and a party is a frequent cause for possible bias. Such a relationship suggests a pecuniary interest for the arbitrator and gives reason to favor the party for reasons unrelated to the merits of the arbitration. *Betz v. Pankow,* 31 Cal. App. 4th 1503, 1508-1509 (Cal. Ct. App. 1995). Moreover, An arbitrator who was employed by one of the parties and engaged in business interests with the party is not disinterested or impartial and is disqualified to act as an arbitrator. *Palmer Plastics, Inc. v. Rubin,* 108 N.Y.S. 2d 514, 518 (N.Y. Sup. Ct. 1951).

Plaintiffs hold the burden of proof of showing Douglas Moylan's partiality and biasness. Mr. Moylan and the Estate's attorney, Curtis C. Van de veld, are currently working together in two on going cases before the Superior Court of Guam: Civil Case No. CV 1527-09 and CV706-11. Mr. Moylan represents Mr. Van de veld and his law office. See Exhibit 1, Marianas Properties, LLC's objection to the Appointment of Douglas Moylan B. Moylan as its Arbitrator. Furthermore, Mr. Van de veld and Mr. Moylan not only have a present relationship, but a history of representing each other in the following cases before the Superior Court of Guam: Delvin Moylan v. Dongbu Insurance Company, Ltd. (CV800-10), Carl T.C. Gutierrez v. Vincent Akimotor, M.D., et al (CV-0415-12). Doris L.G. Moylan v. Douglas B. Moylan (DM0457-97), Douglas B. Moylan v. John Ryan, et al., (CV1363-00), Vicente M. San Nicolas

---

[1] Pursuant to 7 GCA § 42101(d), the Guam International Arbitration Chapter applies "to international commercial arbitration and domestic arbitration, subject to any agreement in force between Guam and any other State or States." *Rong Chang Company, Ltd., Inc. v. M2P, Inc., et al.,* 2012 Guam 1.

v. Van de veld Law Offices, et al., (CV0295-01) and James B. Tolan, et al. v. Curtis Van de veld (CV0236-01). Plaintiffs submit a reasonable person could perceive Mr. Moylan and Mr. Van de veld's relationship to be substantial and a cause for potential bias and impartiality.

Defendant argues there is no basis for removal of Mr. Moylan because there is a lack of reasonable appearance of partiality. With respect to the current representations, Mr. Van de veld represents as co-counsel Richard Moylan, Douglas Moylan's father in a guardianship matter, and has not appeared in court nor filed a pleading for a while; and in Sontag Martin et al. v. Francis Gill, et al., this matter has reached a settlement agreement and the case will end up being dismissed. Defendant contends the circumstances are insufficient to require removal. The Court disagrees and finds the relationship between Mr. Van de veld and Mr. Moylan to be substantial and goes beyond a mere appearance of partiality. The history between both parties independently constitutes a substantial relationship, such that a reasonable person could perceive Mr. Moylan to have a direct and definitive bias as an arbitrator in the instant matter.

The Court is cognizant of Plaintiff's argument that the appointment of Mr. Gil and subsequently, Attorney Moylan, are part of Defendant's purposeful effort to delay the arbitration of this matter. While very persuasive, the Court will give the Defendant one last opportunity to appoint an arbitrator. If the Court finds that the next arbitrator is disqualified for bias, then the Court will consider sanctions against the Defendant. Although the Defendant's motion to dismiss remains under advisement, the Defendant is ordered to identify its arbitrator within ten days of this order.

## CONCLUSION

Based on the foregoing, the court grants Plaintiff's motion to remove Douglas B. Moylan as the Estate's arbitrator.

SO ORDERED, this _7th_ day of ___January___ 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a true copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JAN – 8 2013

Glennic J. Mendiola
Deputy Clerk, Superior Court of Guam